## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 15 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

**ESTATE OF JOSEPH LAVERNE STURDIVANT,**
**TRISTEN STURDIVANT AND CHLOE STURDIVANT,**
**Minors, by and through Charlotte Sibley,**
**as Mother and Next Friend**                                  **PLAINTIFFS**

**VS.**                                          5:17-cv-20 KS-MTP

**ADAMS COUNTY, MISSISSIPPI, ADAMS COUNTY**
**SHERIFF'S OFFICE, VICTOR SMITH,**
**DRASILLA ROUNDS, CARLA DUNN, AND**
**JOHN DOES 1-6, In Their Individual Capacities**       **DEFENDANTS**

**JURY TRIAL DEMANDED**

## COMPLAINT

COME NOW, the Plaintiffs, The Estate of Joseph Laverne Sturdivant, (JOEY) Tristen Sturdivant and Chloe Sturdivant, Minors, by and through Charlotte Sibley, as Mother and Next Friend of Decedent, by and through counsels of record, and file this Complaint against the Defendants, and in support thereof state as follows, to-wit:

This is a civil action to recover actual, compensatory and punitive damages for the Defendants' violations of the Plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment and Plaintiffs' Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures and due process right to adequate medical care and protection from death made actionable pursuant to 42 U.S.C. § 1983. The following averments support this civil action:

## PARTIES

1.     The Plaintiff, Estate of Joseph Laverne Sturdivant, (JOEY)  is an estate administered by Charlotte Sibley.

2.     The Plaintiffs, Tristen Sturdivant and Chloe Sturdivant, minors, by and through, Charlotte Sibley, as Mother and Next Friend reside with their Mother, Charlotte, in Vidalia, Louisiana. They bring this action as the minor children and the sole heirs and wrongful death beneficiaries of Joey Sturdivant.

3.     The Defendant, Adams County, Mississippi, is a political subdivision of the State of Mississippi. The Defendant Adams County, Mississippi may be served with process by service upon its Chancery Clerk, Honorable Brandi Lewis, at 115 S Wall Street, Natchez, Mississippi 39120.

4.     The Defendant, Adams County Sheriff's Office, is a political subdivision of the State of Mississippi.  The Defendant, Adams County Sheriff's Office, Mississippi may be served with process by service upon its Chancery Clerk, Honorable Brandi Lewis, at 306 State Street, Natchez, Mississippi 39120.

5.     The Defendant, Victor Lee Smith, is, upon information and belief, an adult resident citizen of Adams County, Mississippi.  At the time of the events and occurrences related in this Complaint he was employed as a Detention Officer or Jailer at the Adams County Sheriff's Office.  **He may be served with process at the Office of the Adams County Sheriff's Office, located at 306 State Street, Natchez, Mississippi 39120.**

6.     The Defendant, Drasilla Rounds, is, upon information and belief, an adult resident citizen of Adams County, Mississippi.  At the time of the events and occurrences related in this Complaint she was employed as a jailer at the Adams County Sheriff's Office.  **She may be served with process at the Office of the Adams County Sheriff's Office, located at 306 State Street, Natchez, Mississippi 39120.**

7.     The Defendant, Carla Dunn is, upon information and belief, an adult resident citizen of Adams County, Mississippi.  At the time of the events and occurrences related in this Complaint she was employed as assistant jail administrator at the Adams County Sheriff's Office.  **She may be served with process at the Office of the Adams County Sheriff's Office, located at 306 State Street, Natchez, Mississippi 39120.**

8.     The Defendants, John Does 1-6, are, upon information and belief, are adult resident citizens of Adams County, Mississippi.  At the time of the events and occurrences related in this Complaint they were, upon information and belief, employed at the Adams County Sheriff's Office, and may be identified during the discovery phase of this litigation.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (Civil Rights).

10.     Venue is proper in this Court, pursuant 28 U.S.C. § 1391, since the Defendants reside in this judicial district, and a substantial part of the acts, events and omissions giving rise to the claim occurred in this judicial district.

## CAUSE OF ACTION

11.     On or about March 17, 2016, Joey Sturdivant, an inmate at the Adams County Jail, was by all accounts, jumped by four (4) other inmates, namely, according to all accounts, Kelcey Watson, Jerome Harris, Jordan Johnson, and Author Moore at breakfast.   As a result of the fight, Joey and, at least two (2) of the other inmates listed above were put in the hold.  Around 11:05 a.m. that same day, jailer, Victor Smith, came to the hold and unlocked the box outside of the hold and flipped the switch that released Jerome Harris.   Ten (10) minutes later, Victor came back to the hold and released Kelcey Watson, then placed the keys in the panel and opened the door and left the hold. Kelcey Watson then looks up and down the hallway, while Jerome Harris is threatening Joey from outside the cell. About twenty (20) minutes later, Kelcey Watson reached up to the panel, grabbed the keys strategically placed by Victor, and opened Joey's cell. Jerome Harris, then, ran in Joey's cell, and Kelcey Watson locked it back and was looking into Joey's cell and looking up and down the hallway for Jerome Harris.  After about five (5) minutes, Kelcey Watson opened Joey's cell door and let Jerome Harris out.

12.     After this, Victor Smith came back and got the keys, then closed the panel and walked away, leaving the two (2) inmates out of their cells.  Individual defendant, Drasilla Rounds, came with Joey's lunch trey around 12:05 p.m. and had to wait quite some time, then left the trey.  Around 12:45, Drazilla Rounds came to retrieve Joey's

lunch trey, and Joey raked his food off the trey unto another object to keep in the cell. At about 1:00 p.m., an inmate, Nicholas Mcgrew, who was coming back from arraignment, came down the hall, and when he got in front of Joey's cell, started freaking out and jumping up and down, waving his arms at the camera for help. Twenty (20) minutes later, three (3) deputies/jailers went into Joey's cell and found him dead. The deputies called the paramedics.

13.     By all accounts, the same or a similar scenario involving Victor Smith and the other inmates had been carried out several times in the past. In addition, Victor Smith, himself, along with two (2) other inmates beat and chocked Joey Sturdivant that day and other previous days.

14.     While being held at the Adams County Jail, Joey Sturdivant was under the care, custody and control of the Defendant Adams County, the Adams County Sherriff's Office and the individual Defendants.

15.     The individual defendant, Victor Smith, and the other individual defendants, used force maliciously and sadistically for the very purpose of causing harm to Joey Sturdivant, and ultimately caused and/or contributed to Joey's death.

16.     The individual defendants herein were objectively unreasonable and acted with deliberate indifference to John's known medical distress and needs by simply leaving Joey in the cell to die and failed to seek medical attention for him or provide him with any medical attention.

17.     At all times relevant to this civil action the individual Defendants acted under color of law.

**18.**    At all times relevant to this civil action the individual Defendants acted with reckless disregard for Joey Sturdivant's federally protected rights.

## CLAIM 1 (Eighth Amendment- Excessive Force – Individual Defendants)

**19.**    At all times relevant to this civil action the Adams County Sheriff, Travis Patten, was the final policymaking official for Adams County with respect to law enforcement and the Adams County Jailers and Deputies.

**20.**    While being held at the Adams County Jail, Joey Sturdivant, was under the care, custody and control of the Defendant Adams County and the individual Defendants.

**21.**    The Individual Defendant, Victor Smith, herein conspired to use and did use deadly force, maliciously and sadistically, for the very purpose of causing severe harm to Joey, and in fact, caused his death.

**22.**    As a direct and proximate result of the Individual Defendant's, Victor Smith, and the other individual defendants' malicious and sadistic force, Defendants violated Joey Sturdivant's constitutional rights under the Eighth Amendment, causing Joey to suffered severe injury to his person and ultimately death.

## CLAIM 2 (Eighth Amendment- Excessive Force – Adams County)

**23.**    The Defendant, Adams County, acting through its Sheriff, Travis Patten, had in place, at all relevant times to this civil action, an unconstitutional policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the use of unreasonable, deadly physical force towards arrestees, inmates and others.

24.     As a direct and proximate result of the Defendant Adams County's violation of Joey Sturdivant's constitutional rights under the Eighth Amendment, Joey suffered injury to his person and ultimately death.

## CLAIM 3 (Eighth Amendment- Failure to Protect – Individual Defendants)

25.     The individual defendants intentionally disregarded a serious risk of injury which they were actually aware, and allowed other inmates whom actively and in concert, beat and chocked on Joey Sturdivant to be at large and freely enter Joey's cell to beat and chock him.

26.     The individual defendants were subjectively aware of a substantial risk of serious harm to Joey from other inmates mentioned herein above, but through their acts and omissions manifested deliberate indifference towards Joey, by callously and intentionally allowing the other inmates to roam freely and giving the inmates the keys to Joey's cell for the sole purpose of beating and chocking Joey, ultimately killing him. In addition, the individual defendants allowed Joey to suffer when they knew of his condition.

27.     As a direct and proximate result of the acts and omissions of the individual defendants failure to protect Joey from violence at the hands of other inmates and themselves, Joey Sturdivant's constitutional rights guaranteed under the Eighth Amendment to the protection from violence and prevention of death were violated and caused his death.

**CLAIM 4 (Eighth Amendment- Failure to Protect and Failure to Train–Adams County)**

28.    The Defendant Adams County failed to adopt adequate policies and procedures to detect and respond to the known danger of violence and severe injury caused by conspiring with other inmates to beat and chock Joey.

29.    The Defendant Adams County failed to provide custodial officials with minimal training to detect and respond to the obvious and known violence from other inmates and jailers as well as the medical needs of arrestees and inmates with known, demonstrable and serious medical disorders.

30.    The Defendant Adams County maintained a policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the failure to protect inmates from known, serious and intentional violence and denial of medical care to arrestees and inmates.

31.    The acts and omissions of the Defendant Adams County manifested deliberate indifference to the use of violence towards inmates and the rights of inmates with whom custodial officials came into contact.

32.    As a direct and proximate result of the acts and omissions of the Defendant Adams County, Defendants violated Joey Sturdivant's constitutional rights guaranteed under the Eighth Amendment to be protected from violence and deadly force from jailer and other inmates, as well as, to provide adequate medical care and the prevention of death were violated and caused Joey's death.

## CLAIM 5 (Eighth Amendment- Cruel and Unusual punishment – Individual Defendants )

**33.**    The individual defendants disregarded a serious risk of which they were actually aware, and maliciously and sadistically allowed and used force to cause unnecessary and wanton infliction of pain and sever injury and death, forbidden by the Eighth Amendment.

**34.**    The individual defendants were subjectively aware of a substantial risk of serious harm or injury to Joey, but through their acts and omissions conspired with other inmates to intentionally manifested deliberate indifference towards Joey with malicious and sadistic intent thereby allowing and causing unnecessary and wanton infliction of severe injuries and pain.

**35.**    As a direct and proximate result of the acts and omissions of the individual defendants, Joey Sturdivant's constitutional rights guaranteed under the Eighth Amendment, were violated which constitutes cruel and unusual punishment and violence and the prevention of death, thereby causing his death.

## CLAIM 6 (Eighth Amendment- Cruel and Unusual punishment – Adams County)

**36.**    The Defendant Adams County failed to adopt adequate policies and procedures to detect, respond and prevent unnecessary and wanton violence and infliction of pain and sever injury, and to the obvious medical needs of arrestees and inmates with known, demonstrable and serious medical disorders.

**37.**    The Defendant Adams County failed to provide custodial officials with minimal training to detect and respond to the obvious and known violence and

unnecessary injury, as well as medical needs of arrestees and inmates with known, demonstrable and serious medical disorders.

**38.**    The Defendant Adams County maintained a policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the failure to prevent known unnecessary and wanton violence and the failure to provide medical care to arrestees and inmates.

**39.**    The acts and omissions of the Defendant Adams County manifested deliberate indifference to the rights of inmates with whom custodial officials came into contact.

**40.**    As a direct and proximate result of the acts and omissions of the Defendant, Adams County, Defendants violated Joey Sturdivant's constitutional rights guaranteed under the Eighth Amendment to prevent and not cause cruel and unusual punishment, and caused his death.

**41.**    Plaintiffs pray for the following relief:

a.. Actual damages for future loss of income, medical expenses and funeral expenses in an amount to be determined by the trier of fact;

b.. Hedonic damages for the loss of enjoyment of life which Joey Sturdivant suffered;

c. Compensatory damages for pain and suffering, emotional distress, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, and embarrassment which Joey Sturdivant suffered;

d. Compensatory damages to Joey Sturdivant's wrongful death beneficiaries for loss of affection and companionship;

e. Punitive damages against the individual Defendants;

f. Reasonable attorney fees and costs under 42 U.S.C section 1988 (b); and

g. Any and all damages allowed by law in wrongful death actions and in the actions heretofore specified under federal and state constitutions and laws.

Respectfully Submitted, this the 14th day of February, 2017.

ROBERT A. LENOIR (MSB#102419)

ATTORNEYS FOR PLAINTIFFS:

ROBERT A. LENOIR (MSB#102419) (LAB#34846)
ATTORNEY AT LAW
275 EAST BAY STREET
MAGNOLIA, MISSISSIPPI 39652
TELEPHONE: (601) 783-0025
FACSIMILE:  (601) 783-0506
EMAIL: lenoirr11@yahoo.com


RONNIE WHITTINGTON (MSB# 7173)
ATTORNEY AT LAW
229 MAIN STREET
MCCOMB, MS 39648
TELEPHONE: (601) 684-8888
FACSIMILE:  (601) 684-9709
EMAIL: rlwhit@telepak.net