IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ESTATE OF JOSEPH LAVERNE
STURDIVANT, *et al.*                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 5:17-CV-20-KS-MTP

ADAMS COUNTY, MISSISSIPPI, *et al.*                           DEFENDANTS

## Memorandum Opinion and Order

For the reasons provided below, the Court **grants** Defendant Victor Smith's Motion for Summary Judgment [33] and **grants** Adams County's Motion for Summary Judgment [48]. The remaining motions – Smith's Motion to Strike [35] Plaintiff's Designation of Experts, Smith's Motion to Extend [37] his Designation Deadline, the County's Motion to Dismiss [50], the County's Motion to Strike [51], and Smith's Motion in Limine [67] – are **denied as moot**.

## I. Background

This case arises from a death in a county jail. In March 2016, Joey Sturdivant, a pretrial detainee in the Adams County Jail, was assaulted by four other inmates. Officers then segregated Sturdivant by putting him in "the hold." One of the inmates who assaulted him gained access to Sturdivant's cell in the hold and attacked him once again. Plaintiffs allege that Defendant Victor Smith, a correctional officer employed by Defendant Adams County, Mississippi, conspired with the inmates to give them access

to Sturdivant's cell.[1] Later that day, officers found Sturdivant dead in his cell. At this time, the parties agree that the cause of death was suicide.[2] Smith and the County each filed a Motion for Summary Judgment [33, 48].

## II. MOTION FOR SUMMARY JUDGMENT [33] (VICTOR SMITH)

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials,

---

[1]Smith was later indicted and tried for conspiring to commit aggravated assault. The record does not indicate the result of the trial.

[2] Plaintiffs apparently have not always agreed on this fact. As noted later in this opinion, they alleged in their Complaint that Defendants and/or other inmates killed Sturdivant. This distinction is key because it has bearing on what claims are currently before the Court.

speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### A.    *Failure to Protect from Other Inmates*

Plaintiffs claim that Smith allowed other inmates into Sturdivant's cell to beat him, displaying deliberate indifference to the serious risk of injury to Sturdivant, in violation of his Eighth Amendment right to be free from violence at the hands of other inmates. "The Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners," *Austin v. Johnson*, 328 F.3d 204, 201 n. 10 (5th Cir. 2003), while "[p]retrial detainees are protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017). It is undisputed that Sturdivant was a pretrial detainee at all times relevant to this case. Although Plaintiffs did not explicitly invoke the Fourteeth Amendment, for the purpose of addressing the current motion, the Court will assume that they intended to do so.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners . . . ." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 811 (1994). This duty applies to both pretrial detainees and convicted prisoners. *Leal v. Wiles*, 734 F. App'x 905, 909 (5th Cir. 2018); *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (a pretrial detainee's due process rights are at least as great as Eighth Amendment protections available to convicted prisoners).

3

Among other things, Smith argues that Plaintiffs do not have standing to assert a survival claim on behalf of Sturdivant's estate because no estate had been opened or administrator appointed at the time this suit commenced. In response, Plaintiffs argue that they have standing to sue under Mississippi's wrongful death statute.

"Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under" § 1983. *Pluet v. Frazier*, 355 F.3d 381, 383 (5th Cir. 2004). Under Mississippi law, only an estate's administrator can bring an action for survival claims. *Johnson v. Med. Express Ambulance Serv., Inc.*, 565 F. Supp. 2d 699, 703 (S.D. Miss. 2008) (citing *In re Estate of England*, 846 So. 2d 1060, 1067-68 (Miss. Ct. App. 2003)); *see also* MISS. CODE ANN. § 91-7-233. But wrongful death beneficiaries may "recover survival-type damages" in a wrongful death action for personal injuries sustained by the decedent as long as "the same wrongful conduct caused both [his] personal injury and death . . . ." *Johnson*, 565 F. Supp. 2d at 703. But if the same conduct that allegedly caused the injury to the decedent did not also cause his death, the wrongful death beneficiaries can not recover on the survival claim under the wrongful death statute. *Estate of England*, 846 So. 2d at 1068 (citing *Wilks v. Am. Tobacco Co.*, 680 So. 2d 839, 843 (Miss. 1996); *Berryhill v. Nichols*, 158 So. 470, 471 (Miss. 1935)).

Here, it has been conclusively established that "the sole proximate cause of

Joseph Laverne Sturdivant's death was suicide." *See* Exhibit 4, *Estate of Sturdivant v. Adams County*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Sept. 17, 2018), ECF No. 50-4. Smith propounded a Request for Admission to Plaintiff in November 2017. *Id.* It is undisputed that Plaintiff never responded to the request. Rule 36(b) provides: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). Plaintiffs have not filed a motion seeking leave to withdraw or amend their admission. Therefore, it has been conclusively established that the sole proximate cause of Sturdivant's death was suicide, rather than Smith's failure to protect him from other inmates.

Because the conduct which allegedly caused Sturdivant's injuries – Smith's failure to protect him from other inmates – did not also cause his death, Sturdivant's wrongful death beneficiaries can not recover on the survival claim under the wrongful death statute. *Wilks*, 680 So. 2d at 843; *Berryhill*, 158 So. 470 at 471; *Estate of England*, 846 So. 2d at 1068. Only an estate's administrator can bring an action for survival claims. MISS. CODE ANN. § 91-7-233; *Johnson*, 565 F. Supp. 2d at 703.

Standing is assessed by reference to the time when a suit is filed. *Three Expo Events, LLC v. City of Dallas*, 907 F.3d 333, 345 (5th Cir. 2018) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 426, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013); *Nat'l Fed'n of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 209 (5th Cir. 2011)). It is undisputed that no estate had been opened when this suit was filed. In fact, Plaintiffs admit that they did not open an estate until they received Smith's motion for summary

5

judgment – approximately eighteen months after the suit was filed.

Therefore, the Court concludes that Plaintiffs did not have standing to pursue Sturdivant's Fourteenth Amendment claim for injuries allegedly caused by Smith's failure to protect him from other inmates. Accordingly, the Court dismisses such claims without prejudice, including Claim 3 of the Complaint [1], and Claim 5 to the extent Plaintiffs allege that Smith allowed other prisoners to injure Sturdivant.

## B.   *Suicide*

Smith argues that Plaintiffs did not plead any claim that he was deliberately indifferent to the risk of Sturdivant committing suicide. The Court agrees. Plaintiffs did not mention suicide anywhere in the Complaint. Rather, they alleged that Defendants and/or other inmates killed Sturdivant. Now, in response to Smith's motion for summary judgment, Plaintiffs claim that Smith was deliberately indifferent to the risk that Sturdivant would commit suicide. A plaintiff is not permitted to raise new claims in response to a motion for summary judgment. *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 492 (5th Cir. 2010) (citing *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)). Therefore, the Court concludes that there are not currently any claims before the Court related to Smith's alleged deliberate indifference to the risk that Sturdivant would commit suicide.

## C.   *Excessive Force*

Plaintiffs also claim that Smith injured Sturdivant by the use of excessive force. As noted above,  it has been conclusively established that the sole proximate cause of Sturdivant's death was suicide. Because Smith's alleged use of excessive force did not

cause Sturdivant's death, Sturdivant's wrongful death beneficiaries can not recover on the excessive force survival claim under the wrongful death statute. *Wilks*, 680 So. 2d at 843; *Berryhill*, 158 So. 470 at 471; *Estate of England*, 846 So. 2d at 1068. Only an estate's administrator can bring an action for survival claims. MISS. CODE ANN. § 91-7-233; *Johnson*, 565 F. Supp. 2d at 703. But it is undisputed that no estate had been opened when this suit was filed. Therefore, Plaintiffs did not have standing to pursue Sturdivant's excessive force claim against Smith, and the Court dismisses such claims without prejudice, including Claim 1 and Claim 5 to the extent it concerns Smith's alleged use of excessive force.

For these reasons, the Court grants Defendant Victor Smith's Motion for Summary Judgment [33].

### III. MOTION FOR SUMMARY JUDGMENT [48] (ADAMS COUNTY)

Plaintiffs asserted several claims against Adams County. The County filed a Motion for Summary Judgment [48] as to all claims.

### A. *Excessive Force*

First, Plaintiffs claim that the County violated Sturdivant's Eighth Amendment[3] right to be free from the use of excessive force (Claim 2). The Fifth Circuit has provided the following summary of the law concerning municipal liability under Section 1983:

A municipality is not liable under § 1983 on the theory of respondeat

---

[3]As noted above, "[t]he Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners," *Austin*, 328 F.3d at 201 n. 10, while "[p]retrial detainees are protected by the Due Process Clause of the Fourteenth Amendment." *Alderson*, 848 F.3d at 419.

superior, but only for acts that are directly attributable to it through some official action or imprimatur. To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.

Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy.

Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation. In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation.

A plaintiff must show that, where the official policy itself is not facially unconstitutional, it was adopted with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.

*James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (punctuation and citations omitted).

The County argues that Plaintiffs have not identified any policy or custom which was the moving force behind the assault on Sturdivant. In fact, the County notes that if Smith intentionally allowed other inmates in to Sturdivant's cell for the purpose of assaulting him, it would be a violation of the Adams County Sheriff's Office Policies

and Procedures. *See* Exhibit A to Motion for Summary Judgment, *Sturdivant v. Adams County*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Sept. 17, 2018), ECF No. 48-1.

In response, Plaintiffs admit that they cannot identify any formally adopted policies that caused Sturdivant's death. They also admit that they cannot prove a custom or policy of inadequate training, supervision, discipline, screening, or hiring that caused his death. Rather, they contend that the facts demonstrate that an informal custom or practice and/or a single act by an official with policymaking authority contributed to Sturdivant's death.

An official policy can indeed "arise in form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018). Plaintiffs have not provided any evidence whatsoever of a widespread custom or practice. They have not identified another occurrence of an Adams County employee allegedly conspiring to allow inmates to harm another inmate, or of an Adams County employee harming another inmate. Therefore, they have not created a genuine issue of material fact as to the existence of an informal custom or practice that contributed to Sturdivant's death.

"When a municipality's final decision maker in a single action directly and intentionally deprives a person of a federal constitutional right, . . . the person need not show that a policy or custom caused his injury in order to recover. In such a case, the municipality's action is deemed to be the direct cause or moving force behind the deprivation of right and injury." *Coggin v. Longview Indep. Sch. Dist.*, 289 F.3d 326,

333 (5th Cir. 2002). "To prove liability under the single-incident exception, a plaintiff must at least show (1) that the defendant acted with deliberate indifference by disregarding a known or obvious consequence of his action and (2) that there is a direct causal link between the defendant's action and the deprivation of federal rights." *Waltman v. Payne*, 535 F.3d 342, 350 (5th Cir. 2008).

Under Mississippi law, a county's sheriff is its final policymaker for law enforcement decisions. *Id.*; *see also Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996). Plaintiffs have not provided any evidence – or even alleged – that Adams County's sheriff had any involvement with the events at issue in this case, or that he was even aware of them when they occurred. In fact, the only individuals mentioned in Plaintiffs' evidence or briefing were correctional officers and inmates, but Plaintiff has not established that any of them had policymaking authority. Therefore, the Court finds that Plaintiffs failed to create a genuine dispute of material fact as to whether an individual with final policymaking authority directly and intentionally caused Sturdivant's death.

Plaintiffs apparently argue that Adams County's Sheriff, Travis Patten, is responsible for what happened because he learned about it after the fact, but failed to discipline Smith. In fact, Plaintiff contends that Smith remained employed by Adams County for six months after Sturdivant's death and received a commendation about a week and a half after Sturdivant's death.

If an official policymaker "approve[s] a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is

final." *Peterson v. City of Forth Worth*, 588 F.3d 838, 848 (5th Cir. 2009). But the theory of ratification is limited to "extreme factual situations." *Id.* "[A] policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality." *Id.* Simply "going along with a subordinate's decision" is not enough. *Milam v. City of San Antonio*, 113 F. App'x 622, 627 (5th Cir. 2004) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)). Likewise, the "mere failure to investigate the basis of a subordinate's discretionary decisions" is not enough to demonstrate ratification. *Id.* Rather, the "plaintiff must impute the [individual defendant's] allegedly improper motives to the [policymaker] by demonstrating that the [policymaker] approved both the defendant's decision and the basis for it." *Culbertson v. Lykos*, 790 F.3d 608, 622 (5th Cir. 2015).

Here, Plaintiffs have not presented any evidence that the Sheriff approved of Smith's alleged actions or his allegedly improper motives. The County can not be liable merely because the Sheriff did not adequately investigate these issues or discipline Smith in the manner Plaintiffs believe appropriate. *See Rodriguez v. City of Houston*, 651 F. App'x 282, 286 (5th Cir. 2016) (where plaintiff argued that city ratified officer's conduct by only suspending him for thirty days, court said evidence was insufficient to hold city liable under ratification theory).

For these reasons, the Court finds that Plaintiffs have not presented sufficient evidence to create a genuine dispute of material fact as to their claim that the County violated Sturdivant's right to be free from excessive force (Claim 2). The Court grants

the County's motion as to that claim.

**B.**     ***Failure to Protection from Other Inmates/Inadequate Medical Care***

Second, Plaintiffs claim that the County violated Sturdivant's Eighth
Amendment right to be protected from other inmates and to receive adequate medical
care (Claim 4, Claim 6). The County argues that Plaintiffs have not identified any
policy or custom which was the moving force behind the other inmate's assault on
Sturdivant or the alleged failure to provide him with adequate medical care. In
response, Plaintiffs admit that they cannot identify any formally adopted policies that
caused Sturdivant's death. Rather, they contend that the facts demonstrate that an
informal custom or practice and/or a single act by an official with policymaking
authority contributed to Sturdivant's death.

For the same reasons provided above, the Court finds that Plaintiffs have not
produced any evidence of an informal custom or practice that was the moving force
behind the other inmate's assault on Sturdivant or the County's alleged failure to
provide him with adequate medical care. Likewise, the Court finds that Plaintiffs have
not produced any evidence that an individual with final policymaking authority
contributed to Sturdivant's death by failing to protect him from other inmates or
provide him with adequate medical care. Finally, the Court finds that Plaintiffs have
not presented any evidence that the Sheriff approved of any of his subordinates' alleged
actions or improper motives which contributed to Sturdivant's death. Accordingly, the
Court finds that Plaintiffs have not presented sufficient evidence to create a genuine
dispute of material fact as to their claim that the County violated Sturdivant's right

to be protected from other inmates and to receive adequate medical care (Claim 4, Claim 6). The Court grants the County's motion as to those claims.

### C.    *Failure to Train*

Next, Plaintiffs claim that the County violated Sturdivant's Eighth Amendment rights by failing to train its employees (Claim 4, Claim 6). Among other things, the County argues that Plaintiffs cannot prove that the County's alleged failure to train its employees rises to the level of deliberate indifference.

A municipality may be held liable for the failure to provide proper training "if it actually causes injury." *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2018). To determine whether a municipality is liable for failing to train its employees, the Court focuses on "the adequacy of the training program in relation to the tasks the particular officers must perform." *Id.* The plaintiff must show: "(1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a 'moving force' in causing violation of plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy." *Id.*

"To establish deliberate indifference, usually a plaintiff must show a pattern of similar violations . . . ." *Id.*; *see also Estate of Davis v. City of N. Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Plaintiff has not provided any evidence of a pattern of similar violations to establish that the alleged failure to train arises to the level of deliberate indifference.

Also, "[i]n order for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective."

13

*Trammell v. Fruge*, 868 F.3d 332, 345 (5th Cir. 2017). Plaintiffs have not alleged with specificity how the County's training was deficient or provided any evidence whatsoever regarding its training or policies and procedures.

For these reasons, the Court finds that Plaintiffs have not presented sufficient evidence to create a genuine dispute of material fact as to their claim that the County failed to adequately train its employees. The Court grants the County's motion as to that claim.

### D.   *Suicide*

As noted above, Plaintiffs did not plead a claim that the County failed to protect Sturdivant from himself. In fact, Plaintiffs did not even plead that Sturdivant committed suicide. Rather, they claimed that he was killed by other inmates and/or employees of the County. A plaintiff is not permitted to raise new claims in response to a motion for summary judgment. *Jefferson*, 374 F. App'x at 492; *Cutrera*, 429 F.3d at 113. Therefore, the Court concludes that there are not currently any claims before the Court related to the County's alleged failure to prevent Sturdivant's suicide.

Regardless, the County argues that Plaintiffs can not demonstrate that the alleged failure to prevent Sturdivant from committing suicide was attributable to a custom, policy, or practice of the County. As noted above, Plaintiffs admitted that they cannot identify any formally adopted policies that caused Sturdivant's death. Rather, they contend that an informal custom or practice caused Sturdivan'ts death.

For the same reasons provided above, the Court concludes that Plaintiffs have not presented any evidence of an informal custom or practice that caused Sturdivant's

death. Likewise, the Court finds that Plaintiffs have not produced any evidence that an individual with final policymaking authority contributed to Sturdivant's death by failing to prevent him from committing suicide. Finally, the Court finds that Plaintiffs have not presented any evidence that the Sheriff ratified the alleged actions of his subordinates which contributed to Sturdivant's death. Accordingly, the Court finds that Plaintiffs have not presented sufficient evidence to create a genuine dispute of material fact as to any claim that the County violated Sturdivant's right to be prevented form committing suicide.

## IV. CONCLUSION

For these reasons, the Court **grants** Defendant Victor Smith's Motion for Summary Judgment [33] and **grants** Adams County's Motion for Summary Judgment [48]. The remaining motions – Smith's Motion to Strike [35] Plaintiff's Designation of Experts, Smith's Motion to Extend [37] his Designation Deadline, the County's Motion to Dismiss [50], the County's Motion to Strike [51], and Smith's Motion in Limine [67] – are **denied as moot**. The Court will enter a separate final judgment consistent with this opinion.

SO ORDERED AND ADJUDGED this 18th day of December, 2018.

___/s/   Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE