# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ESTATE OF JOSEPH LAVERNE STURDIVANT,** *et al.*　　　**PLAINTIFFS**

**v.**　　　**CIVIL ACTION NO. 5:17-CV-20-KS-MTP**

**ADAMS COUNTY, MISSISSIPPI,** *et al.*　　　**DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiffs' Motion for Relief from Judgment [73].

### I. BACKGROUND

The Court discussed the background of this case in its Memorandum Opinion and Order [71] of December 18, 2018, in which it granted Defendant Victor Smith's Motion for Summary Judgment. The Court held 1) that Plaintiffs did not have standing to pursue Joseph Sturdivant's Fourteenth Amendment claims for injuries allegedly caused by Defendant Victor Smith's failure to protect him from other inmates, 2) that Plaintiffs did not plead any claim that Victor Smith was deliberately indifferent to the risk of Sturdivant committing suicide, and 3) that Plaintiffs did not have standing to pursue Sturdivant's excessive force claims against Smith. On January 15, 2019, Plaintiffs filed a Motion for Relief from Judgment [73], asking the Court to amend its prior opinion and deny Smith's Motion for Summary Judgment on the suicide claims.

## II. DISCUSSION

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiffs' Motion for Relief from Judgment [73] was filed twenty-eight days after the entry of judgment. Therefore, Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem

2

to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiffs have not offered any new evidence previously unavailable or noted an intervening change in the controlling law. Rather, they argue that the Court should have conformed the pleadings to the evidence and considered a claim that Defendant Smith was deliberately indifferent to the risk of Sturdivant committing suicide. They apparently contend that Defendant consented to the amendment by briefing issues related to the suicide.

Plaintiffs may not defeat summary judgment by raising a theory of liability that was never pleaded or tried by consent. *Johnson v. Thibodeaux City*, 887 F.3d 726, 736 (5th Cir. 2018). But "in considering a motion for summary judgment, the pleadings may be treated as though they had been amended to conform to the evidence filed with the motion when not objected to by the opposite party." *Putnam v. Williams*, 652 F.2d 497, 499 (5th Cir. 1981). The Fifth Circuit has applied Rule 15(b) to such situations. *See McDonough Marine Serv., Inc. v. M/V Royal Street*, 608 F.2d 203, 204 (5th Cir. 1979). The question for the Court, therefore, is whether Defendant provided "express or implied consent" to amend the pleadings. FED. R. CIV. P. 15(b). "Whether an issue has been tried with consent of the parties depends upon whether the parties recognized that the unpleaded issue entered the case . . . , whether the evidence that supports the unpleaded issue was introduced . . . without objection, and whether a finding of trial by consent prejudiced the opposing party's

3

opportunity to respond." *United States v. Shanbaum*, 10 F.3d 305, 312-13 (5th Cir. 1994).

First, although Defendant briefed some issues related to the potential suicide claims in case the Court decided to address them, he also specifically objected to any amendment at the summary judgment stage. Therefore, he did not consent to an amendment of the operative pleading, and none of the cases cited by Plaintiffs provide authority for this Court to force an amendment *ex post facto* over the opposing party's objection.

Moreover, a finding of trial by consent would severely prejudice Defendant because, among other reasons, Plaintiffs relied on a witness for whom they never disclosed required information in discovery. In response to Defendant's motion, Plaintiffs relied on an affidavit from William Nolan Zimmerman, Jr., Sturdivant's cellmate at the time of the events leading to this lawsuit. *See* Exhibit 8 to Response, *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Sept. 14, 2018), ECF No. 46-7. Plaintiffs first identified William Zimmerman as a witness in their supplemented disclosures served on November 1, 2017, but they provided no information beyond his name. *See* Exhibit 5 to Motion to Dismiss, *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Sept. 17, 2018), ECF No. 50-5. Plaintiffs' counsel represented that the already tardy disclosures would be supplemented, but Plaintiffs never supplemented.

Defendant propounded written discovery to Plaintiffs on November 2, 2017.

*See* Exhibits 2, 3, and 4 to Motion to Dismiss, *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Sept. 17, 2018), ECF Nos. 50-2, 50-3, 50-4. Among other things, Defendant sought information regarding witnesses to support Plaintiffs' claims. Plaintiffs did not timely respond to the discovery requests, and the Court entered an order compelling Plaintiffs to respond. *See* Order, *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Feb. 12, 2018), ECF No. 28. Defendant represented in briefing on the dispositive motions that Plaintiffs never complied with the Court's order, and Plaintiffs do not dispute his representation. Defendant's counsel also repeatedly tried to schedule depositions for Zimmerman and other potential witnesses, but Plaintiffs' counsel never responded. *See* Exhibit 6 to Motion to Dismiss, *Sturdivant v. Adams County, Miss.*, No. 5:17-CV-20-KS-MTP (S.D. Miss. Sept. 17, 2018), ECF No. 50-6.

Therefore, for these reasons, the Court finds that a finding of trial by consent would severely prejudice Defendant because he never had an opportunity to depose Zimmerman, and Plaintiff never provided any information about Zimmerman or his testimony in response to Defendant's discovery requests.

Alternatively, Plaintiffs argue that they should be granted leave to amend their Complaint now, after a final judgment has been entered. "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or

5

deny leave." *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

The Court will assume that the proposed amendment is important, but Plaintiffs have not provided any explanation for their failure to timely seek leave to amend. As noted above, allowing the amendment would severely prejudice Defendant because Plaintiffs failed to comply with their discovery obligations. There is no time to cure the prejudice because the case has concluded. Also, "[i]n cases where a party seeks to amend his complaint after entry of judgment," the Fifth Circuit has "consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Caldwell v. Lozano*, 689 F. App'x 315, 324 (5th Cir. 2017). Plaintiffs could have sought leave to amend before the Court's entry of judgment. They knew that Sturdivant committed suicide, and they even attempted to argue a potential suicide claim in response to Defendant's motion for summary judgment. But they did not seek leave to amend until after the Court had entered a final judgment. Accordingly, the Court concludes that they have not demonstrated good cause for their failure to timely seek leave to amend.

### III. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion for Relief from Judgment [73].

SO ORDERED AND ADJUDGED this 20th day of February, 2019.

        /s/ Keith Starrett
        KEITH STARRETT
UNITED STATES DISTRICT JUDGE